PUBLISH

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 97-9027

------------------------------------------

(D.C. No. 1:95-cr-528)

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
2/18/98
THOMAS  K. KAHN
CLERK

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ANTHONY GEORGE BATTLE,

                                        Defendant-Appellant.

-----------------------------------------------------------------

Appeal from the United States District Court for the
Northern District of Georgia
-----------------------------------------------------------------

(February 18, 1998)

Before HATCHETT, Chief Judge, EDMONDSON and BLACK, Circuit Judges.


BY THE COURT:

Appellant's "motion for reconsideration of denial of motion to file a seventy-five [the first motion was for eighty pages] page brief and to accept seventy-five page brief" is DENIED.

Even in a death-penalty case, the court expects counsel to be highly selective about the issues to be argued on appeal and about the number of words used to press those issues. Counsel in this case remind us that they are experienced and capable lawyers. We believe it. But we are experienced and,

we hope, capable judges. This case is not for any of us the first case involving a death penalty; deciding such cases is our business.

We do not understand a limitation on the number of pages in a brief to be a blow against an appellant's case or an act that undercuts effective advocacy. To the contrary, we see reasonable limitations of pages to be a help to good advocacy by directing busy lawyers to sharpen and to simplify their arguments in a way that —

as experience has taught us — makes cases stronger, not weaker.

Our views on what constitutes effective advocacy are not heretical. Justice Story wrote these words: "Who's a great lawyer? He, who aims to say the least his cause requires, not all he may." Joseph Story, Memorandum-book of arguments before the Supreme Court, 1831-32, in Life and Letters of Joseph Story 2:90 (William W. Story ed. 1851). Justice Holmes once said, "One has to try to strike the jugular

and let the rest go." Oliver Wendell Holmes, Speeches 77 (1934).

The Supreme Court of the United States has also stressed in its opinions that the best advocacy relies on selectivity. It is well settled that counsel need not "raise every 'colorable' claim" on appeal. <u>Jones v. Barnes</u>, 103 S.Ct. 3308, 3314 (1983). The Supreme Court wrote, "Most cases present only one, two, or three significant questions. . . . Usually, . . . if you cannot win on a few major points, the others are

not likely to help, . . . ." _Jones_ at 3313 (quoting R. Stern, Appellate Practice in the United States 266 (1981)). And, the former Chief Judge of this circuit, John C. Godbold, has given this advice: "[C]ounsel must select with dispassionate and detached mind the issues that common sense and experience tell him are likely to be dispositive. He must reject other issues or give them short treatment." John C. Godbold, _Twenty Pages and Twenty Minutes Revisited_ 14 (1987) (revised version of

*Twenty Pages and Twenty Minutes — Effective Advocacy on Appeal*, 30 Sw. L.J. 801 (1976)). Counsel, in this case, raise no fewer than 14 distinct issues.

Counsel stress that in other cases they were allowed to file longer briefs. We note that of the cases they cite to us, only one was in this circuit. That case (*United States v. Chandler*, 996 F.2d 1073 (11th Cir. 1993)) was, as we recall it, the case that would lead to what was the first reported decision in the nation on the pertinent

federal death-penalty statute. Because the present case arises against the background of now existing precedent, we think it is not much like United States v. Chandler when it comes to setting page limitations.

Also, we remind counsel that the court has the power to request additional briefing if, after we look at the initial briefs, we need something more. But, we reject the idea that every death-penalty case deserves more pages than we

ordinarily allow other cases. On length of briefs and timeliness of briefs, the usual rules of this court apply to cases involving the death penalty just as they apply to so many other important cases. And, we reject that this case demands significantly more pages, for now at least.

Counsel are directed to file a properly spaced, properly printed initial brief not to exceed 60 pages (notwithstanding all that we have said, we — as a matter of grace and as a courtesy to counsel — will

allow roughly a 10% increase in pages above a standard brief) within 21 days of the date of this order.